UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Justin J. Lopez,<br><br>    Plaintiff,<br>v.<br><br>Bleecker, Brodey & Andrews,<br><br>    Defendants. | COURT FILE NO.: 18-cv-01409<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff, Justin J. Lopez, is a natural person who resides at 1005 West Marion Street (at least since 2004) in the City of Joliet, County of Will, State of Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Bleecker, Brodey & Andrews (hereinafter "Defendant") is a law firm acting as a collection agency operating from an address of 9247 N. Meridian Street, Suite 101,

Indianapolis, Indiana 46260, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, and approximately July of 2016, **Justin Lopez, residing at 118 Emery Street, Joliet, Illinois**, incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal credit card debt with Best Buy Credit Services, in the approximate amount of $1,200.00, which was used by him for personal, family and household purchases.

7. Sometime thereafter, the debt, while in default, was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

### *Factual Allegations*

8. On or about December 7, 2017, Defendant filed a collection complaint against the Plaintiff regarding a debt owed by the other **Justin Lopez**. The Plaintiff, **Justin J. Lopez**, does not owe this debt.

9. Thereafter, Plaintiff took several days off of work to appear in Will County Circuit Court to dispute the Debt. Plaintiff informed the Defendant that he did not owe the debt. As a result of missing work, he lost wages.

10. This complaint was a false and deceptive statement as he was not the borrower and the debt was not owed by Plaintiff.

11. Plaintiff has incurred substantial costs to correct the situation. In addition, Defendant's actions have caused the Plaintiff to suffer severe emotional distress and mental anguish

## *Summary*

12. All of the above-described collection communications made to Plaintiff by Defendant, Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(2), 1692b(3), 1692c(a)(1), 1692d, 1692d(5), 1692e, 1692e(1), 1692e(2), 1692e(3), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692e(14), 1692f, and 1692f(6), amongst others.

13. During their collection communications, Defendants and these individual debt collectors employed by Defendant CFG repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(b)2 1692e, 1692e(2) 1692e(5), and 1692f, amongst others.

14. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to the Plaintiff.

15. Plaintiff does not owe this debt, and therefore Defendants attempts to collect this debt from him were a false and deceptive practice and a threat to take action that they were not legally entitled to take.

16. Defendants' repeated disclosures of Justin Lopez's indebtedness to Plaintiff was an invasion of his privacy and his right to financial privacy.

17. Defendants repeated attempts to collect this debt from Plaintiff, a person whom did not owe this debt, was an invasion of Plaintiff's privacy and his right to be left alone.

18. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of both Plaintiff and caused him unnecessary personal strain in their relationship with each other, as well as with other family members.

19. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy and legal fees.

### TRIAL BY JURY

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

23. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up

to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

24. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

25. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

26. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

27. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

28. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about the debt of another and to other third parties and having him served by the a civil process server, and thereby invaded Plaintiff's right to financial privacy.

29. Defendants and their agents intentionally and/or negligently caused emotional harm to the Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon the Plaintiff's rights to privacy.

30. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

31. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against the Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

32. As a result of such intrusions and invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: February 15, 2018

**Frankfort Law Group**

By: **s/Thomas W. Toolis**
Thomas W. Toolis , Esq.
Attorney I.D.#6270743
10075 West Lincoln Highway
Frankfort, Illinois 60423
Telephone: (708) 349-9333
Facsimile: (708) 349-8333
twt@jtlawllc.com
**Attorney for Plaintiff**

### VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS   )
                    ) ss
COUNTY OF WILL      )

Plaintiff, Justin J. Lopez, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and we believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Justin J. Lopez

Subscribed and sworn to before me
this  18  day of  February , 2018

_____
Notary Public

```
"OFFICIAL SEAL"
LINDA L. DOVICH
Notary Public, State of Illinois
My Commission Expires 08/11/19
```